Manly, J.
 

 The ease of
 
 Woodfin
 
 v.
 
 Asheville Mutual Insurance Company,
 
 6 Jones’ Rep. 558, decides the point that the insured, in such a company, are members of the corpora'tion, and bound by the conditions annexed to-the policies through the by-laws. In the by-laws of tb.e defendant, (the
 
 *375
 
 North Carolina company) it is required by the 10th section, that all persons insured and suffering loss, shall forthwith give notice thereof to the secretary, and within thirty days after said loss, deliver a particular account of said loss or damage, signed with their own hands, and verified by their oath or affirmation. They shall also declare, under oath, whether any and what other insurance has been made on the property — what was the whole value of the same — what the loss and what the interest of the insured in the property at the time; and until such proofs, declarations and certificates be produced, the loss shall not be deemed payable, &c.
 

 A compliance with these conditions is necessary, in order to fix the liability of the company upon an}' of its policies. In the case referred to, of
 
 Woodfin
 
 v.
 
 The Asheville
 
 Co., it will be found that the conditions there in question, were similar, in all respects, to those above quoted from the by-laws of the North Carolina company. So that the case is in point to the extent, that unless the conditions of these policies be strictly complied with, the insured cannot recover: — except a compliance be in some way dispensed with by the company.
 

 The only open question, therefore, apparent upon the caséis, did that which is stated to have occurred between the plaintiff and a person, denominated “ the travelling agent” of the company, amount to any evidence of a waiver-of the requirements of the by-laws?
 

 We concur with the Court below, in the opinion, that it did not. The travelling agent said to the plaintiff, in a conversation in Plymouth, “ the matter would be all right with the company.” It is not stated to what this declaration was a response, or in what connection it was made, and we are unable to see that it tended, of itself, in any way, to prove that the agent undertook for the company that it should pay at all events. It seems to be merely an affirmation on the part of the agent, that the company will comply with the obligations of the policy. It dispenses with nothing, but rather implies a warning that all must also be right with the insured. The declarations, under oath, prescribed in the 10th section of the
 
 *376
 
 by-laws, are required to be made to the secretary of the company — doubtless, for the company’s action.
 

 In the-absence of all proof upon the subject, a power to dispense with or waive, would reside only in the president and directors
 
 eoUegeálitiír,
 
 and one who is simply described as a travelling agent, cannot be presumed to have that power. Our inferences, if at liberty to draw them, would be, that the agent was employed to guard the company, by .observation and enquiry, against imposition, not to'dispense with the safeguards, which it has thought proper, in other ways, to throw around itself.
 

 But whatever may be the scope of the travelling agent’s duties and powers, we are ofopinion, that what occurred between him and the plaintiff, afforded no evidence ©f a waiver on the part of the company, of the conditions of the policy as contended in the 10th section of the by-laws.
 

 Per Curiam,
 

 Judgment affirmed.